**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

**STORM CINQUE SIMS,**

**Petitioner,**

**v.** **Case No. 5:25cv264-AW/MAF**

**RICHARD COMERFORD, Secretary, Florida Department of Corrections,**

**Respondent.**

**_______________________________/**

## REPORT AND RECOMMENDATION

On September 12, 2025, Petitioner Storm Cinque Sims, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner and Respondent agree two of the three grounds in the § 2254 petition are unexhausted. *See* ECF No. 1 at 10, 12; ECF No. 3 at 1-2; ECF No. 9 at 7. The First District Court of Appeal (DCA) recently granted Petitioner Sims a belated appeal from the state court order denying postconviction relief, which addressed the two unexhausted grounds.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the

disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Sims challenges his conviction entered April 21, 2021, and sentence imposed May 4, 2021, by the Fourteenth Judicial Circuit, Gulf County, Florida, following a jury trial in case number 2018-CF-292. ECF No. 1 at 1-2. With his § 2254 petition, Sims filed a Motion for Stay and Abeyance, in which he cited Rhines v. Weber, 544 U.S. 269 (2005), and indicated he had filed a mixed petition. ECF No. 3. Specifically, he raised two claims alleging ineffective assistance of counsel – Grounds 2 and 3 in the § 2254 petition, raised as Grounds 1 and 3 in the Rule 3.850 motion – regarding investigation of dash cam footage and chain of custody issues, respectively. *Id*. at 1-3. The state court denied postconviction relief by order on September 12, 2023, "but failed to inform Petitioner of his right to an appeal." *Id*. at 4. At the time he filed the § 2254 petition, he had a petition for belated appeal regarding that order pending in the First District

Court of Appeal, case number 1D2025-2181. He requested this Court stay this federal habeas proceeding pending the result of the belated appeal. *Id*. at 4-5. He asserted "AEDPA's one-year statute of limitations will likely expire prior to the resolution of the pending belated appeal." *Id*. at 4.

The undersigned directed Respondent to file a detailed response to Petitioner's request for a stay, ECF No. 7, which Respondent filed on November 20, 2025, ECF No. 9. Respondent determined Sims judgment and conviction became final for federal habeas purposes on September 5, 2022. *Id*. at 5. Respondent detailed the state court filings and, among other things, indicated the petition seeking a belated appeal in the First DCA, filed on August 22, 2025, remained pending. *Id*. at 4-5. Respondent concluded Sims timely filed the § 2254 petition on September 12, 2025. *Id*. at 5, 6-7. Respondent indicated Sims "properly concedes that his claims in grounds two and three of his federal habeas petition are unexhausted" because he did not appeal the postconviction order denying relief. *Id*. at 7. Respondent acknowledged the pending petition for belated appeal in the First DCA, *id*. at 10, but asserted "it would not be a proper exercise of this Court's jurisdiction to grant a stay in the instant case because Sims' claims in grounds two and three are 'plainly meritless,'" *id*. at 11. *See id*. at 11-17.

By order on June 2, 2026, in case number 1D2025-2181, the First DCA granted Petitioner Sims' petition for a belated appeal. *See* acis.flcourts.gov/portal/search/case. Thereafter, the undersigned entered an order denying Petitioner's request for a stay and directing Petitioner to show cause why this case should not be dismissed without prejudice at this point, as his appeal will proceed in the First DCA, assigned case number 1D2026-1757. ECF No. 11.

On July 9, 2026, Petitioner Sims filed a response to the show cause order. ECF No. 12. He requests this Court not dismiss his case, although he acknowledges that, pursuant to Rhines, ordinarily a "mixed petition" should be dismissed without prejudice to allow a petitioner to exhaust state remedies. *Id*. Sims asserts "if the appeal is denied, [he] would have a limited amount of time to refile his federal petition before the end of the limitation period" and, thus, his "interest in obtaining federal review of his claims outweighs the competing interest in finality and speedy resolution of federal petitions." *Id*. at 3 (quoting Doe v. Jones, 762 F.3d 10th Cir. 2014).

## Analysis

Pursuant to § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies

available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Furthermore, the statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must be promptly examined and if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).

In this case, as indicated above, Petitioner and Respondent agree Sims has not exhausted his state court remedies as to Grounds 2 and 3.

*See* ECF No. 1 at 10, 12; ECF No. 3 at 1-2; ECF No. 9 at 7. Petitioner Sims is currently proceeding with the belated appeal in the First DCA, 1D2026-1757, which the parties indicate involves these grounds. As of this date, no briefs have yet been filed. If the First DCA grants relief, that may change the result of the state postconviction proceedings and affect the status of the challenged judgment. Because Sims has the pending appeal, and has thus not exhausted his state remedies, this petition should be dismissed without prejudice. *See* 28 U.S.C. § 2254(b)(1)(A); *see, e.g.*, Rose, 455 U.S. at 518 (explaining "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings"); Mauk v. Lanier, 484 F.3d 1352, 1358 (11th Cir. 2007) (holding district court did not err in dismissing § 2254 petition for failure to exhaust state court remedies but noting "the district court dismissed Mauk's petition with prejudice": "We remand for the limited purpose of allowing the district court to enter a corrected order dismissing Mauk's petition without prejudice in accordance with our precedent. *See* Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1343-44 (11th Cir. 2007) (explaining that the district court should dismiss the § 2254 habeas petition without prejudice to allow the petitioner to return to state court and exhaust his claims).").

Petitioner Sims' concern that "if the appeal is denied, [he] would have a limited amount of time to refile his federal petition before the end of the limitation period," ECF No. 12 at 3, does not constitute a particularly unusual circumstance for a state inmate petitioning for federal habeas corpus relief. Notably, the Eleventh Circuit has explained that "an *unsuccessful* petition for belated appeal of a criminal conviction, under Florida law, does not toll the limitation period for state collateral review" and "[i]n the same way, filing a petition for belated appeal of an order denying state collateral relief does not toll the federal limitation period for a writ of habeas corpus." Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015) (emphasis added). The Eleventh Circuit has also determined, in an unpublished opinion, that a motion for belated appeal filed *before* the AEDPA period expires and *granted* by the appellate court tolls the unexpired AEDPA period. Williams v. Crist, 230 F. App'x 861 (11th Cir. 2006); *see* Bradley v. Sec'y, Dep't of Corr., 2019 WL 5079542 (11th Cir. 2019) (citing Espinosa and explaining: "[F]iling a petition for belated appeal of an order denying state collateral relief does not toll the federal limitation period for a petition for a writ of habeas corpus *unless and until the petition for belated appeal is granted*." (emphasis added)). *See, e.g.,* Ramos v. Sec'y, Fla. Dep't of Corr.,

No. 2:22cv419-SPC/NPM, 2024 WL 1468781 (M.D. Fla. Mar. 25, 2024) (citing Williams and explaining state appellate court accepted and granted motion for belated appeal from denial of Rule 3.850 motion, and this tolled AEDPA limitations period from date of filing belated appeal motion through date court issued mandate in belated appeal); Trejo-Lozano v. Sec'y, Dep't of Corr., No. 8:18cv2206-WFJ/JSS, 2021 WL 2895744, at *4 n.2 (M.D. Fla. July 9, 2021) (citing Williams and noting state appellate court granted belated appeal: "Accordingly, the AEDPA's limitations period was tolled while the petition for belated appeal and the belated appeal were pending."); Laurent v. Jones, No. 17-14180-CIV-ROSENBERG/ MAYNARD, 2018 WL 11216677, at *5 (S.D. Fla. May 14, 2018) ( citing Williams and explaining: "Respondent correctly points out that the Eleventh Circuit has held that a successful petition for belated appeal tolls the statute of limitations.").

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED without prejudice**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (ECF No. 1) be **DISMISSED without prejudice.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**